DAN SIEGEL, SBN 56400
SONYA Z. MEHTA, SBN 294411
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
sonyametha@siegelyee.com

Attorneys for Plaintiff
THUY THI NGUYEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUY THI NGUYEN, | Case No.: |
| Plaintiff. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | Employment/Civil Rights |
| FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, JUDY MINER, PATRICK AHRENS, LAURA CASAS, PEARL CHENG, PETER LANDSBERGER, and GILBERT WONG, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Thuy Thi Nguyen complains against defendants Foothill-De Anza Community College District, Chancellor Judy Miner, Trustee Patrick Ahrens, Trustee Laura Casas, Trustee Pearl Cheng, Trustee Peter Landsberger, and Trustee Gilbert Wong as follows:

## PRELIMINARY STATEMENT

1. Thuy Thi Nguyen served as the seventh President of Foothill College. Prior to coming to Foothill College, Nguyen was recognized for her racial equity work statewide. Upon her appointment in 2016, Nguyen became the first Vietnamese American college

president in the country – with news about her historic appointment in local, national, and international news outlets. Born in Vietnam, Nguyen and her family joined the wave of "boat people" who fled Vietnam after the end of the war. On July 4, 2017, she was honored in the *New York Times* as part of the Carnegie Corporation's "Great Immigrants" tribute – one of 38 individuals honored nationally that year.

2.  Nguyen's work on racial equity and her insistence on a conversation with faculty leaders about, among other topics racial equity, fragility, and privilege, incensed the College's all White Academic Senate officers who then mobilized the faculty against her. Miner, concerned with preserving her "political capital" with faculty, retaliated against Nguyen and sought her dismissal.

3.  In late September 2021, Nguyen proposed areas of mediation with Academic Senate President Kathryn Maurer. She asked why there was a perception that she was being bullied and would have been treated differently if she were a White, male president.

4.  Although the Board of Trustees' own proclaimed goals included eradicating racism after George Floyd's murder, Chancellor Miner condemned Nguyen's mediation objectives as "inflammatory" and warned her of possible adverse employment consequences.

5.  A few days later, Miner demanded Nguyen's resignation. Nguyen refused.

6.  Miner said to Nguyen that she told members of the Board of Trustees that she would resign if the Board did not unanimously take adverse employment action against Nguyen.

7.  The Board caved under pressure by Miner and faculty members despite several trustees' recognition of the issues. Trustee Gilbert Wong said to Nguyen and community leaders, "the Chancellor threw Thuy under the bus."

8.  In August 2021, Trustees Pearl Cheng and Laura Casas told Nguyen that they supported her and said that Maurer's her behavior at an August board meeting attacking Nguyen and compromising the college's accreditation report was unacceptable.

9. In September 2021, Trustee Patrick Ahrens told Nguyen that he had explained to Assemblymember Evan Low, his employer, "this is White women going after Thuy." Ahrens also told Nguyen that she had the support of the entire board.

10. As late as October 8, 2021, Trustee Casas texted Nguyen: "Please do whatever it takes for you to stay as Foothill President. You are too valuable."

11. Less than five months before Nguyen's adverse employment actions by Miner and the Board, Nguyen received a positive evaluation on May 30, 2021, from Dr. Helen Benjamin, a nationally well-known, respected former community college chancellor and independent evaluator who was selected and hired by Miner to conduct the evaluation: "overall impressions of President Nguyen's performance are high," "President Nguyen is the right leader for this time," and "recognized as one of the Top 50 innovative leaders."

12. Benjamin also reported that "[s]tudents love her. She is student-centered in every decision. She consistently thinks of students first. As a result of her work with students, students are more engaged in governance than they have been in the past."

13. Benjamin also reported: "By all accounts, she has raised the level of awareness on equity-related issues, especially race, and will speak out against any unjust thing. They admire her values, vision, and commitment to equity with a particular focus on students of color." "Because of her tenaciousness about equity, the college participated in conversations on race and other equity issues as never before."

14. Following receipt of Nguyen's evaluation, Miner wrote to Nguyen on June 22, 2021, that she was "grateful to work with you."

15. In October 2021, the Academic Senate wrote: "Foothill College President Thuy Nguyen (President Nguyen) has threatened the viability of shared governance at Foothill College by failing to provide the campus with clarity around the roles and responsibilities of the different constituencies, including her own office, in decision-making, and fomenting conflict and distrust by making public statements such as her questioning whether equity is enhanced or blocked by our laws and regulations related to governance and [the] Academic Senate. . .."

16. Due to students and alumni protests, the Academic Senate was not able to pass the no confidence resolution in its first attempt on October 18, 2021.

17. The Academic Senate then revised the resolution and made a second attempt on October 25, 2021. Only faculty members on the Academic Senate voted for the no confidence resolution, with all the student, classified staff, and administrative representatives abstaining.

18. Following the Board's vote on October 25, 2021, to not renew Nguyen's contract, many people, community leaders, educational leaders, and community organization rallied in her support. An online petition gathered more than 1,000 signatories, including many notable leaders in educational equity. The local NAACP, La Raza Roundtable, Asian Law Alliance, and the Vietnamese American Professional Women Association of Silicon Valley wrote in support of Nguyen.

19. The Academic Senate officers were all White, and the Academic Senate was predominantly White.

## JURISDICTION AND VENUE

20. This case arises under Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681, *et seq*.) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq*.). This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States) and 28 U.S.C. § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States).

21. The state law claims in this action are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

22. Venue is proper in the Northern District of California because the events or

omissions giving rise to this complaint occurred in this District in Santa Clara County.

**PARTIES**

23. At all relevant times, plaintiff Thuy Thi Nguyen was an employee of Foothill-De Anza Community College District ("District"). Nguyen is an Asian American woman of Vietnamese national origin.

24. At all relevant times, defendant Foothill-De Anza Community College District was a California public entity located in Santa Clara County, State of California. At all times relevant hereto, the District was and is a recipient of federal funding so that it was and is responsible for maintaining an institution free from discrimination based on race and national origin as required by 20 U.S.C. §§ 1681, *et seq*.

25. At all relevant times, defendant Judy Miner was the Chancellor of the District.

26. At all relevant times, defendants Patrick Ahrens, Laura Casas, Pearl Cheng, Peter Landsberger, and Gilbert Wong were the members of the District's Board of Trustees ("Board").

**STATEMENT OF FACTS**

27. The District hired Nguyen as President of Foothill College, starting July 1, 2016. Prior to that, Nguyen had served as Interim General Counsel for the statewide Chancellor's Office for the California Community Colleges where she oversaw the handling of equal employment opportunity and discrimination complaints. Nguyen also previously served as General Counsel for the Peralta Community College District for over eleven years, and as Interim President and Chief Executive Officer of the Community College League of California where she advocated and supported the more than one hundred fourteen community colleges in California.

28. Foothill College is a public community college with approximately 13,000 students each year and approximately 700 employees.

29. At the end of the pandemic year 2020 under Nguyen's tenure, Foothill College was named the No. 1 online community college in the country and Nguyen was featured nationally and internationally for her leadership in handling the pandemic.

30. Nguyen and Foothill College have also been recognized for diversity efforts including being profiled in the summer of 2021 as one of four colleges and universities in the country for racial diversity work by the Chronicle of Higher Education. When Nguyen started as president, the college's administrative team and President's Cabinet were majority White. During Nguyen's five-year tenure, the administrative team and President's Cabinet were no longer majority White, and the faculty became more racially diverse although still majority White.

31. In academic year 2020-21, during the pandemic and under Nguyen's tenure, the college's student success equity gap closed entirely for Filipinx students, narrowed by one third for Black students, and remained at a low six percent difference (with prior years narrowing) for Latinx students.

32. Previously, Nguyen's employment contract was renewed unanimously by the Board of Trustees every year.

33. On May 30, 2021, Dr. Helen Benjamin, an independent, outside evaluator hired by Miner to evaluate Nguyen's job performance issued a formal report. After confidentially interviewing a cross-section of college leaders including faculty, students, classified staff, administrators, and community members, Benjamin made findings that Nguyen was subjected to racial discrimination and bullying: "Some mentioned her [President Nguyen's] position as a woman of color in a position of leadership as challenging. Differences can be seen in the way she is responded to as compared to whites if they were in the same position." And "[President Nguyen] has a difficult job in a difficult time. There is a great deal of discomfort right now. She is being bullied by the political group."

34. Miner sent Nguyen the formal evaluation and stated to her in a June 22, 2021 email that Miner was "grateful to work with you [President Nguyen]."

35. In July 2021, Nguyen asked Chancellor Miner to inform the Academic Senate officers about Dr. Benjamin's finding regarding "bullying" by the Academic Senate.

36. Miner later told Nguyen that she had informed Academic Senate President

Maurer about the bullying statement and that Maurer was speechless.

37. On August 9, 2021, during a mediation session with the Academic Senate President, Nguyen mentioned that employees at the college were noticing the Academic Senate's disrespectful treatment of her. Maurer claimed that Miner did not say anything to her about Benjamin's evaluation.

38. In August 2021, Miner admitted she lied to Nguyen and actually did not tell the Academic Senate about the bullying finding. Miner said that she wanted to save her "political capital."

39. In September 2021, the mediator asked Nguyen and the Academic Senate President to send their respective mediation objectives to him and then meet with him separately. President Nguyen submitted her draft of objectives that reflected her goals for the mediation. She wanted "to speak courageously about race and power/privilege...and asked why there is a perception that I am being bullied and I would have been treated differently if I was a White male president?"

40. In late September 2021, mediation broke down when the mediator withdrew because of "very different objectives" on the part of Maurer and Nguyen. Maurer then demanded to see Nguyen's draft mediation objectives.

41. On October 3, 2021, Miner informed Nguyen that Nguyen's draft mediation objectives were "inflammatory" and as a result, she could be subject to adverse employment consequences. Miner's October 3, letter was written in collaboration with the Chair of the Board of Trustees, Peter Landsberger. There were no allegations of malfeasance, financial impropriety, or scandal.

42. On October 15, 2021, Miner posted notice of an October 25, 2021, special board meeting to consider Nguyen's dismissal. On the same day the Academic Senate posted its agenda for a first-attempt at a vote of no-confidence. There was no such vote on October 18, 2021, for lack of a second to the motion due to the large number of student leaders speaking in support of Nguyen and opposing the Academic Senate's resolution.

43. On October 25, 2021, the special board meeting was held, and Miner

1 recommended that the Board dismiss Nguyen without cause. On the same day, the
2 Academic Senate voted on a second-reading motion of "no confidence."

44. Nguyen's employment contract ended on June 30, 2022, and was not renewed.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

45. On December 3, 2021, plaintiff Nguyen filed Government claims with the District concerning the matters set forth herein.

46. On or about November 18, 2022, plaintiff Nguyen filed a complaint of discrimination with the California Civil Rights Department (formerly, the California Department of Fair Employment and Housing) concerning her claims of discrimination and retaliation as set forth herein.

47. On or about November 18, 2022, the Civil Rights Department issued plaintiff a notice of right-to-sue with respect to her claims of discrimination and retaliation as set forth herein.

48. On April 25, 2023, Nguyen filed charges of discrimination with the United States Equal Employment Opportunity Commission concerning her claims of discrimination and retaliation as set forth herein.

**FIRST CLAIM FOR RELIEF - RETALIATION**
**(Against defendant District)**
(42 U.S.C. §§ 2000e, *et seq.*, 20 U.S.C. §§ 1681, *et seq.*)

49. Plaintiff incorporates by reference paragraphs 1 through 48 above as though fully set forth herein.

50. By virtue of the foregoing, defendant District retaliated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract because Nguyen was doing racial equity work that has resulted in measurable changes, Nguyen was demanding that the Academic Senate and Miner address Benjamin's evaluation report of race discrimination and bullying, and Nguyen wanted to discuss the issues of fragility and privilege that she saw displayed by faculty.

51. But for the perceived "inflammatory" mediation objectives that Chancellor Miner

believed Nguyen should have taken out from her draft objectives (i.e., the desire to discuss race-related issues and the treatment of Nguyen), Nguyen would not have been placed on administrative leave, and her contract would have been renewed.

**SECOND CLAIM FOR RELIEF - RETALIATION**
**(Against defendant District)**
(Cal. Gov. Code §§ 12940, *et seq.*)

52. Plaintiff incorporates by reference paragraphs 1 through 51 above as though fully set forth herein.

53. By virtue of the foregoing, defendant District retaliated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract because Nguyen was objecting to discriminatory practices and was engaging in protected speech and activities.

54. But for the mediation objectives that Chancellor Miner labeled as "inflammatory," Nguyen's demand to address race discrimination and bullying, and Nguyen's work in raising racial inequities, Nguyen would not have been placed on administrative leave and would have had her employment contract renewed.

**THIRD CLAIM FOR RELIEF - RETALIATION**
**(Against defendant District)**
(Cal. Education Code §§ 87160, *et seq.*)

55. Plaintiff incorporates by reference paragraphs 1 through 54 above as though fully set forth herein.

56. By virtue of the foregoing, defendant District retaliated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract because Nguyen was reporting improper governmental activities of race discrimination, bullying, and failure to investigate such discrimination and bullying claims when reported by an independent evaluator.

**FOURTH CLAIM FOR RELIEF - WHISTLEBLOWER RETALIATION**
**(Against defendants District, Miner, Ahrens, Casas, Cheng, Landsberger, and Wong)**
(Cal. Labor Code § 1102.5)

57. Plaintiff incorporates by reference paragraphs 1 through 56 above as though fully set forth herein.

58. By virtue of the foregoing, defendants retaliated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract because Nguyen was reporting improper governmental activities of race discrimination, bullying, and failure to investigate such discrimination and bullying claims when reported by an independent evaluator.

**FIFTH CLAIM FOR RELIEF - WHISTLEBLOWER RETALIATION**
**(Against defendant Miner)**
(Cal. Labor Code § 1102.5)

59. Plaintiff incorporates by reference paragraphs 1 through 58 above as though fully set forth herein.

60. By virtue of the foregoing, defendant Miner retaliated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and recommending her dismissal because Nguyen was reporting improper governmental activities of race discrimination, bullying, and failure to investigate such discrimination and bullying claims when reported by Benjamin.

61. The District did not fulfill its obligation to investigate President Nguyen's claims of discrimination, harassment and bullying. The District's own Determination Panel as part of its investigation found that Miner failed to investigate discrimination and bullying in violation of state and federal laws and District Board Policy and Administrative Procedures 4640.

**SIXTH CLAIM FOR RELIEF - DISCRIMINATION**
**(Against defendant District)**
(42 U.S.C. §§ 2000e, *et seq.*, 20 U.S.C. §§ 1681, *et seq.*)

62. Plaintiff incorporates by reference paragraphs 1 through 61 above as though fully set forth herein.

63. By virtue of the foregoing, defendant District discriminated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract while recognizing that the faculty leadership were motivated by race and national origin discrimination. The District had received reports that there were employees reporting of observing race discrimination and bullying against Nguyen.

**SEVENTH CLAIM FOR RELIEF - DISCRIMINATION**
**(Against defendant District)**
(Cal. Government Code §§ 12940, *et seq*.)

64. Plaintiff incorporates by reference paragraphs 1 through 63 above as though fully set forth herein.

65. By virtue of the foregoing, defendant District discriminated against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract while recognizing that the faculty leadership was motivated by race and national origin discrimination. The District had received reports that there were employees reporting observing race discrimination and bullying against Nguyen.

**EIGHTH CLAIM FOR RELIEF - FAILURE TO PREVENT DISCRMINATION AND RETALIATION**
**(Against defendants District and Miner)**
(Cal. Government Code §§ 12940, *et seq*.)

66. Plaintiff incorporates by reference paragraphs 1 through 65 above as though fully set forth herein.

67. By virtue of the foregoing, defendant District failed to prevent discrimination against plaintiff, an Asian American woman, by, among other things, placing her on involuntary administrative leave and not renewing her employment contract while recognizing that the faculty leadership were motivated by race and national origin discrimination.

## DAMAGES

68. As a result of the actions of defendants, plaintiff has been injured and has suffered damages as follows:

a)  She has lost compensation and other employment-related benefits to which she has been entitled and will lose such compensation and benefits in the future;

b)  She has suffered from emotional distress, physical injury, embarrassment and humiliation, and damage to her professional reputation and standing.

**PUNITIVE DAMAGES**

69. In taking the actions alleged above, defendants Miner, Ahrens, Casas, Cheng, Landsberger, and Wong engaged in the conduct alleged herein with malice, oppression, and the reckless disregard of plaintiff's rights to be free of discrimination and retaliation for engaging in lawful protected activities. Accordingly, plaintiff is entitled to punitive damages against defendants Miner, Ahrens, Casas, Cheng, Landsberger, and Wong.

WHEREFORE, plaintiff requests that this Court grant her relief as follows:

a)  Compensatory damages for past and future lost wages and benefits, in an amount to be determined;

b)  Interest at the legal rate;

c)  General damages for emotional distress, pain and suffering, and harm to reputation in an amount to be determined;

d)  Special damages for out-of-pocket expenses;

e)  Punitive damages, in an amount to be determined;

f)  Attorneys' fees;

g)  Costs of suit; and

h)  Such other and further relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff THUY THI NGUYEN requests a trial by jury on all issues so triable in this case.

Dated: May 2, 2023                SIEGEL, YEE, BRUNNER & MEHTA

By: _____
Dan Siegel

Attorneys for Plaintiff
THUY THI NGUYEN