1  Eugene B. Elliot, State Bar No. 111475
   Ethan M. Lowry, State Bar No. 278831
2  Corey C. Wilson, State Bar No. 332800
   BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone: (415) 353-0999
   Facsimile: (415) 353-0990
5  Email:    eelliot@bfesf.com
             elowry@bfesf.com
6            cwilson@bfesf.com

7  Attorneys for Defendants
   FOOTHILL DE ANZA COMMUNITY COLLEGE DISTRICT, JUDY MINER,
8  PATRICK AHRENS, LAURA CASAS, PEARL CHENG, PETER
   LANDSBERGER, and GILBERT WONG
9
   Dan Siegel, SBN 56400
10 Sara Beladi, SBN 348987
   Siegel, Yee, Brunner & Mehta
11 475 14th Street, Suite 500
   Oakland, California 94612
12 Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
13 Email: DanMSiegel@gmail.com
          sbeladi@protonmail.com
14
   Attorneys for Plaintiff
15 THUY THI NGUYEN

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18 THUY THI NGUYEN,                          Case No. 5:23-cv-02139-NC

19         Plaintiff,                        **JOINT CASE MANAGEMENT CONFERENCE
                                             STATEMENT**
20 v.
                                             Date:   May 1, 2024
21 FOOTHILL-DE ANZA COMMUNITY                Time:   10:00 AM
   COLLEGE DISTRICT, JUDY MINER,             Place:  Via Telephone
22 PATRICK AHRENS, LAURA CASAS,
   PEARL CHENG, PETER LANDSBERGER,
23 and GILBERT WONG,

24
           Defendants.                       **Hon. Nathanael M. Cousins**
25

26

27

28

                                        1

Pursuant to the Northern District of California's Standing Order concerning the "Contents of Joint Case Management Statement," Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff THUY THI NGUYEN and Defendant FOOTHILL DE ANZA COMMUNITY COLLEGE DISTRICT (the "District") jointly submit the following Joint Case Management Statement for the Case Management Conference currently scheduled for May 1, 2024.

1.    **JURISDICTION AND SERVICE**

The Court has jurisdiction for Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction for her related state claims pursuant to 28 U.S.C. § 1367(a).   All named Defendants have been served and have appeared in this action.

2.    **FACTS**

A.   **Plaintiff's Position**

Plaintiff performed her duties as president of Foothill College in an exemplary manner. She consistently received laudatory reviews of her work from the campus community as well as concerned individuals around the State and the country. An outside reviewer retained by the District gave plaintiff's work an overwhelmingly positive review.

Plaintiff's determined efforts to achieve equity for college employees and students of all backgrounds generated some hostility among powerful members of the Foothill College faculty, who used their political influence to persuade the Chancellor of the District to coerce plaintiff into restricting her efforts to achieve equity for all. When that effort failed, the faculty academic senate passed a resolution of no confidence in plaintiff, leading the Board of Trustees to decline to renew her contract.

B.   **Defendants' Position**

Plaintiff Thuy Nguyen served as the President of Foothill College (the "College").  As the President of the College, Plaintiff was an at-will employee who served at the pleasure of the District's Chancellor, Defendant Judy Miner, and could be terminated without cause at any time.  During her employment with the District, Plaintiff received a series of employment contracts, which by their terms required the District's Board to elect to renew them.  Plaintiff's final contract was set to expire June 30, 2022.  On October 25, 2021, the Board elected not to renew Plaintiff's contract, and her employment with the District ended on June 30, 2022.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Case No. 5:23-cv-02139-NC*

An essential part of Plaintiff's job as President was being able to work constructively and collaboratively with the College's faculty, including the faculty leadership in the College's Academic Senate. For years members of the Academic Senate had expressed frustrations with Plaintiff's leadership style, lack of concern for the College's shared governance structure, and exclusion of faculty from important decision making processes. By the summer of 2021, Plaintiff's relationship with the Academic Senate had deteriorated to the point that the College was forced to retain an external mediator to attempt to salvage the relationship. After months of effort, by October 2021 it was clear that Plaintiff was either unable or unwilling to repair her relationship with the Academic Senate. The Academic Senate eventually passed a vote of no confidence in Plaintiff as President with support from an unprecedented number of faculty members.

The District's Board of Trustees solicited public comments on the issue of whether or not to renew Plaintiff's contract. Dozens of current and former faculty and staff members wrote to the Board and/or appeared at the public Board meeting to oppose Plaintiff. Current and former faculty members wrote that Plaintiff's toxic leadership had driven several employees to leave the College and the District. Although they praised Plaintiff's successes on equity and diversity issues, they described Plaintiff as a bully who retaliated against anyone that she perceived as being opposed to her and who had demonstrated no concern for other aspects of the job of President, particularly with respect to the College's shared governance structure and the involvement of faculty members in decision making. Plaintiff attempted to characterize opposition to her as due to her being of Vietnamese descent. Current and former staff members, including many persons of color, one of whom is also a woman of Vietnamese descent, decried Plaintiff's characterizations and explained emphatically that opposition to Plaintiff's leadership style had nothing to do with Plaintiff's race, but rather with Plaintiff's bullying and targeting of individuals whom she believed had opposed her.

Based on Plaintiff's inability to work effectively with the Academic Senate and the testimony and public comments from staff and faculty regarding Plaintiff' toxic leadership, the Board exercised its contractual right to not renew Plaintiff's contract. Following the Board's non-renewal of Plaintiff's contract, Chancellor Judy Miner placed Plaintiff on paid administrative leave for the duration of her contract. Plaintiff continued to receive her full salary and benefits for the entirety of her contract.

**3.  LEGAL ISSUES**

Plaintiff asserted seven causes of action against the District, one of which was also asserted against Defendants Miner, Ahrens, Casas, Landsberger, and Wong.  Plaintiff brought claims for retaliation under 42 U.S.C. §2000e *et seq.*, Cal. Gov. Code §12940(h) *et seq.*, and Cal. Ed. Code §87160 *et seq.* against the District, retaliation under Cal. Labor Code §1102.5 against all Defendants, discrimination under 42 U.S.C. §2000e *et seq.* and Cal. Gov. Code §12940(a) *et seq.* against the District, and failure to prevent discrimination and retaliation under Cal. Gov. Code §12940(k) *et seq.* against the District.

By its Order dated December 1, 2023, the Court dismissed plaintiff's retaliation claim under California Labor Code § 1102.5 and her claim for punitive damages against the individual defendants and her discrimination and failure to prevent discrimination claims against the District.

**4.  MOTIONS/PROCEDURAL HISTORY**

Defendants filed a Motion to Dismiss portions of Plaintiff's First Amended Complaint.  The Court granted with prejudice the motion to dismiss Plaintiff's fourth cause of action against the individual defendants. The Court further dismissed Plaintiff's sixth and seventh causes of action, as well as her request for punitive damages, with leave to amend. Defendant anticipates filing motions for summary judgment and/or summary adjudication.

**5.  AMENDMENT OF PLEADINGS**

Plaintiff will not file a Second Amended Complaint.

**6.  EVIDENCE PRESERVATION**

The Parties have reviewed the ESI Guidelines and have met and conferred regarding reasonable and proportionate steps taken to preserve relevant evidence.

**7.  DISCLOSURES**

The Parties exchanged their initial disclosures on November 22, 2023.

**8.  DISCOVERY**

Defendants anticipate the deposition of Plaintiff may require additional time than what is provided for in the Federal Rules of Civil Procedure.  The Parties will meet and confer further on this issue when it arises in an effort to resolve it without the need for Court intervention.  Otherwise Defendants do not anticipate the need for any changes to the discovery procedures set forth in the Federal Rules of Civil

Procedure at this time.

Plaintiff served requests for production of documents and interrogatories. Plaintiff anticipates taking approximately 10 depositions.

**9.  CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

Not applicable.

**11. RELIEF**

Plaintiff seeks damages and injunctive relief to require her reinstatement as president of Foothill College.

**12. SETTLEMENT AND ADR**

The Parties engaged in pre-litigation mediation with a private mediator, which was unsuccessful. Defendants believe initial discovery and a resolution of the pleadings will be necessary before returning to alternate dispute resolution.  Once initial discovery is completed and the pleadings are resolved, Defendants propose that the Parties return to the private mediator.  If private mediation is again unsuccessful, Defendants would request assignment to a magistrate judge for a settlement conference at that time.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have all filed their consent to the assignment of this case to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The issues in this case may be narrowed by the resolution of Defendants' pending Motion to Dismiss or through various dispositive motions.

**16. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case should be handled under the Expedited Trial Procedure.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Case No. 5:23-cv-02139-NC*

**17. SCHEDULING**

| | |
|---|---|
| Close of non-expert discovery | July 8, 2024 |
| Deadline for filing Motions for Summary Judgment | July 26, 2024 |
| Expert Disclosure | September 9, 2024 |
| Rebuttal Expert Disclosure | September 30, 2024 |
| Close of expert discovery | October 14, 2024 |
| Deadline for filing Daubert motions | October 28, 2024 |
| Pretrial Conference Statement | February 12, 2025 |
| Pretrial conference | February 26, 2025, 2:00 p.m. |
| Trial | March 24, 2025 |

**18. TRIAL**

Defendants anticipate a 7-10 day trial.  Jury trial has been demanded.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Civil L.R. 3-16 does not apply to governmental entities.

None.

**20. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. MISCELLANEOUS**

The Parties have no other matters to bring before the Court at this time.

1   Dated:  April 24, 2024                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

2

3                                             By:  _____/s/ *Corey C. Wilson*_____

4                                                    Eugene B. Elliot
                                                     Ethan M. Lowry
5                                                    Corey C. Wilson
                                                     Attorneys for Defendants
6                                                    FOOTHILL DE ANZA COMMUNITY COLLEGE
                                                     DISTRICT, JUDY MINER, PATRICK AHRENS,
7                                                    LAURA CASAS, PEARL CHENG, PETER
                                                     LANDSBERGER, and GILBERT WONG
8

9

10

11  Dated:  April 24, 2024                    SIEGEL, YEE, BRUNNER & MEHTA

12

13                                            By:  _____/s/ *Dan Siegel*_____

14                                                   Dan Siegel
                                                     Sara Beladi
15                                                   Attorneys for Plaintiff
                                                     THUY THI NGUYEN
16

17

18

19

20

21

22

23

24

25

26

27

28

                                              6